UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON TAYLOR GOODE, BS9428,

Petitioner,

v.

JASON SCHULTZ, Warden,

Respondent.

Case No. 26-cv-00854-CRB (PR)

**ORDER TO SHOW CAUSE**

(ECF No. 3)

Petitioner, a state prisoner incarcerated at California State Prison, Sacramento (SAC), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court. Petitioner also seeks appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

**BACKGROUND**

On July 20, 2022, petitioner was sentenced to 45 years to life in state prison after a jury convicted him of second-degree murder and assault with a deadly weapon and found true related enhancement allegations. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the California Supreme Court, which on January 22, 2025, denied review of a petition allegedly raising the same claims raised here.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief based on two due process claims: (1) the prosecutor committed misconduct by highlighting petitioner's silence on certain topics when police interviewed petitioner, and (2) the trial court erred in denying petitioner's request to instruct the jury with the lesser-included offense of involuntary manslaughter.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C.     Request for Appointment of Counsel

Petitioner's request for appointment of counsel (ECF No. 3) is DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless evidentiary hearing is required, decision to appoint counsel in federal habeas proceedings is within discretion of district court).  Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on petitioner.

2.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

United States District Court
Northern District of California

United States District Court
Northern District of California

Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: April 16, 2026

CHARLES R. BREYER
United States District Judge

3